Decided April 4, 1988

IN THE DISTRICT COURT FOR THE
NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| LEONARDO AGUSTIN and CESAR AGUSTIN, | ) ) ) | Civil Action No. 88-0002 |
| Plaintiffs, | ) ) | |
| v. | ) ) | DECISION AND ORDER |
| COMMONWEALTH SECURITY SERVICES, INC. and GEORGE DUENAS, | ) ) ) ) | |
| Defendants. | ) ) ) | |

THIS MATTER came before the Court on March 31, 1988, for hearing of defendants' motions to quash the summons and dismiss the complaint or, alternatively, for summary judgment.

The parties agree that defendants were not properly served and that, consequently, this Court has no jurisdiction over them. Plaintiffs argue that the motions to dismiss or for an order of summary judgment cannot be considered absent personal jurisdiction over defendants. Defendants claim that the Court can and must determine whether it has subject matter jurisdiction, even absent personal jurisdiction over prospective defendants.

The Court cannot accept defendants' assertion that it can address the issue of subject matter jurisdiction prior to having adversarial parties properly served and before the Court. It is by means of proper service of process under Rule 4 of the Federal Rules of Civil Procedure that the Court secures

**371**

jurisdiction over a defendant's person or over the res. Absent properly acquired personal jurisdiction the Court cannot render a valid judgment, even if it has subject-matter jurisdiction. 2 Moore's Federal Practice §4.02 [3], pp. 65-69.

Defendants' motion to quash the summons is GRANTED. Plaintiffs are given leave to amend and properly serve defendants. Defendants' motion for summary judgment shall remain pending. Once service of process is effected plaintiff shall have fourteen days to respond to the motion. Defendants shall then have an additional seven days to further respond. The parties shall then obtain another date for argument from the Clerk of Court.

IT IS SO ORDERED.

DATED this _____ day of April, 1988.

_____
Alfred Laureta
Judge